IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00637-BNB

DANIEL G. MELINA,

      Applicant,

v.

WILLIAM POLLARD, Warden, and
JOHN W. SUTHERS, The Attorney General for the State of Colorado,

      Respondents.

---

## ORDER DENYING MOTION TO STAY

---

Applicant, Daniel G. Melina, is a prisoner in the custody of the Wisconsin

Department of Corrections at the Waupun Correctional Institution in Waupun,

Wisconsin.  Applicant initiated this action by filing *pro se* an Application for a Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 6) challenging his conviction in

the Adams County District Court.  He has paid the $5.00 filing fee.  On April 7, 2014, Mr.

Melina submitted a Motion to Stay and Hold Case No. 14-cv-00637-BNB in Abeyance

(ECF No. 7).

In the Application, Mr. Melina asserts the following six claims for relief:

1.    Claim One: Trial counsel's failure to request a unanimity instruction
constitutes ineffective assistance of counsel.

2.    Claim Two: Trial counsel's failure to introduce exculpatory evidence from
Robert Padilla and Harvey Steinberg constitutes ineffective assistance of
counsel.

3.    Claim Three: Failure to raise issues of duplicitous solicitation count prior to

trial constitutes ineffective assistance of counsel.

4.    Claim Four: Failure to request appropriate mistrial due to outside influences on the jury.

5.    Claim Five: Brady violation by investigative agencies.

6.    Claim Six: Appellate counsel was ineffective for failing to raise or preserve Batson issue on direct appeal.

(ECF No. 6 at 6-13).

In the Motion to Stay, Mr. Melina asks the Court to stay this action while he returns to state court to fully exhaust claims two, three, four, and six.  (*See* ECF No. 7). In *Rhines v. Weber*, the Supreme Court held that a district court has discretion to stay a mixed petition while the petitioner returns to state court to exhaust his unexhausted claims.  544 U.S. 269, 277 (2005).  However, "stay and abeyance should be available only in limited circumstances."  *Id.*  Pursuant to *Rhines*, Mr. Melina's motion to stay this action may be granted only if: (1) he has good cause for his failure to exhaust his claims first in state court; (2) the unexhausted claims potentially are meritorious; and (3) there is no indication that he has engaged in intentionally dilatory litigation tactics.  *Id.* at 278.

Although, Mr. Melina argues that these four unexhausted claims are potentially meritorious, he does not address the first and third factors set forth in *Rhines*.  Even assuming, as Mr. Melina insists, that his appellate attorneys were ineffective and that Mr. Melina has a state court remedy available because counsel was ineffective, he fails to explain why he did not pursue that remedy and exhaust his claims first in state court prior to filing the instant action.  Accordingly, Mr. Melina cannot demonstrate good cause for his failure to exhaust state remedies when he has failed to make any effort to exhaust a remedy that he contends is available.

For these reasons, Mr. Melina's request for to stay these proceedings while he returns to state court to fully exhaust claims two, three, four, and six will be denied.  Mr. Melina is directed to file an amended application limited to the claims Mr. Melina believes he has exhausted in state court.  If Mr. Melina fails to file an amended application that is limited to exhausted claims, the Court may dismiss the entire action as a mixed petition.  If the entire action is dismissed as a mixed petition, Mr. Melina will be required to file a new application for a writ of habeas corpus in order to pursue any claims in this Court and the one-year limitation period in §  2244(d) will be applied to any new habeas corpus action he files without regard to the instant action.  The fact that the instant action may be timely does not mean that any future habeas corpus action filed by Mr. Melina also will be timely.  Furthermore, the time during which this federal action was pending will not toll the one-year limitation period with respect to any new habeas corpus action Mr. Melina may file.  *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).  Accordingly, it is

ORDERED that the "Motion to Stay and Hold Case No. 14-cv-00637-BNB in Abeyance" filed on April 7, 2014, is denied.  It is

FURTHER ORDERED that, within **thirty (30) days from the date of this order**, Mr. Melina file an amended application in which he raises only those claims for which he believes state remedies are exhausted.  It is

FURTHER ORDERED that the instant action may be dismissed as a mixed petition if Mr. Melina fails within the time allowed to file an amended application in which he raises only claims believed to be exhausted.

DATED April 30, 2014, at Denver, Colorado.

BY THE COURT:

s/Boyd N. Boland
United States Magistrate Judge