IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00637-GPG

DANIEL G. MELINA,

    Applicant,

v.

WILLIAM POLLARD, and
JOHN W. SUTHERS, The Attorney General for the State of Colorado,

    Respondents..

ORDER OVERRULING OBJECTION

    Applicant, Daniel G. Melina, has filed *pro se* a document titled "Out of Time Motion Asking District Court Judge to Reconsider and/or Make a Ruling on Petitioner's Motion to Stay and Hold Case No. 14-cv-00637-BNB in Abeyance" (ECF No. 17) asking the Court to reconsider the April 30, 2014 Order Denying Motion to Stay (ECF No. 8).

    On April 30, 2014, Magistrate Judge Boyd N. Boland issued an order denying Mr. Melina's request to stay his federal habeas proceedings so that he may return to state court to fully exhaust claims two, three, four, and six in his Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 6) challenging his conviction in the Adams County District Court. The Court determined that Mr. Melina did not meet the standard for granting a stay under *Rhines v. Weber*, 544 U.S. 269 (2005) (holding that a district court has discretion in limited circumstances to stay a mixed petition while the petitioner returns to state court to exhaust his unexhausted claims). Specifically, Mr. Melina did not demonstrate that he had good cause for his failure to exhaust his claims

first in state court. On July 11, 2014, Mr. Melina filed his document objecting to the April 30 order and asking that a "district judge reconsider and/or rule on his stay and abeyance motion so that if its denied he may then appeal to the court of appeals for the tenth circuit." (*See* ECF No. 17 at 1-2.) He also asserts that he meets all three factors set forth in *Rhines v. Weber,* 544 U.S. 269 (2005). In support, he contends that his postconviction appellate counsel was ineffective and that he only had two months "left before his allowable time to file his 2254 completely ran out." (*Id.* at 2.)

The Court must construe the document liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall,* 935 F.2d at 1110. For the reasons state below, the document will be construed liberally as an objection pursuant to 28 U.S.C. § 636(b)(1)(A) and the objection will be overruled.

Pursuant to 28 U.S.C. § 636(b)(1)(A) a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. The Court has reviewed the file and finds that the April 30 order entered by Magistrate Judge Boland is not clearly erroneous or contrary to law. Therefore, the objection will be overruled.

Accordingly, it is

ORDERED that the objection titled "Out of Time Motion Asking District Court Judge to Reconsider and/or Make a Ruling on Petitioner's Motion to Stay and Hold Case No. 14-cv-00637-BNB in Abeyance" (ECF No. 17)" that Applicant filed on July 11, 2014, and which the Court has construed liberally as an objection pursuant to 28 U.S.C.

§ 636(b)(1)(A), is overruled.  It is

FURTHER ORDERED that Mr. Melina continues to have **twenty-one (21) days** from the date of the minute order of December 18, 2014, in which to file his Reply to Respondents' Pre-Answer Response.

DATED at Denver, Colorado, this  19th  day of      December      , 2014.

BY THE COURT:

　　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court