IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00637-GPG

DANIEL G. MELINA,

    Applicant,

v.

WILLIAM POLLARD, Warden, and
JOHN W. SUTHERS, Attorney General for the State of Colorado,

    Respondents.

---

**ORDER**

---

    Applicant Daniel G. Melina has filed *pro se* an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 6) (the "Application") asserting six claims challenging the validity of his conviction in Adams County District Court case number 00CR1673. He has paid the $5.00 filing fee.

    After denying Mr. Melina's request to stay the proceedings in abeyance while he returns to state court to fully exhaust claims two, three, four, and six (*see* ECF No. 8), Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) (*see* ECF No. 18). On August 29, 2014, Respondents filed their Response (ECF No. 24) conceding that claims two and five were exhausted but asserting failure to exhaust as to claim one and procedural default of claims three, four, and six.

    After granting Mr. Melina multiple extensions of time to file a reply to the

Response, the Court entered an order on January 29, 2015 directing Mr. Melina to show cause why the Application should not be denied and the action dismissed as time-barred under 28 U.S.C. § 2244(d).  (*See* ECF No. 36).  In the Order to Show Cause, the Court noted that Respondents appeared to miscalculate the days that ran against the limitation period by identifying the filing date of Mr. Melina's state postconviction motion as June 25, 2008 instead of the actual filing date of July 24, 2008.  (*Id.* at 4, citing ECF 24-1 at 11 and ECF No. 24-15 at 1).  The Court then determined that if the correct filing date was used, a total of **383** days ran against the limitation period; and even if Mr. Melina was given the benefit of the prison mailbox rule, the action still was untimely by approximately nine days.[1]  (*Id.* at 5 and 5 n.1).  The Court further determined that Respondents had not waived the defense of timeliness by a simple miscalculation, and that the Court was permitted, but not obligated, to consider, *sua sponte*, the timeliness of the Application.  (*See id.,* citing *Day v. McDonough*, 547 U.S. 198, 209 (2006)).  After granting Mr. Melina an extension of time to respond to the Order to Show Cause, Mr. Melina filed his Response (ECF No. 40) on April 6, 2015.  On April 14, 2015, Respondents filed their "Response to Applicant's Response to Order to Show Cause" (ECF No. 44).

The Court reviewed the parties' filings and entered an order on May 7, 2015 directing Mr. Melina to show cause why the deadline for his § 2254 application deadline should be equitably tolled.  (*See* ECF No. 48).  In the Second Order to Show Cause, the

---

[1] Under the prison mailbox rule, the state postconviction motion would be deemed filed on July 20, 2008 instead of July 24, 2008 (*see* ECF No. 24-15 at 22), and the federal habeas application would be deemed filed on February 22, 2014 instead of February 27, 2014 (*see* ECF No. 1 at 18.)

Court noted that Mr. Melina argued that equitable tolling was appropriate for the following two reasons:

> 1) applicant is actually innocent of the solicitation count he was convicted of at trial. In claim two of applicants 2254 application the exculpatory evidence which trial counsel failed to introduce at trial which applicant included in his 2254 application will exonerate applicant in future proceedings.
>
> 2) an adversary's conduct or other uncontrollable circumstances prevents the applicant from timely filing. As applicant has asserted to this honorable court in previous motions he has never been in possession of any of his discovery or trial transcripts. It started with an order by judge Harlan Bockman. Judge Bockman ruled that applicant nor his codefendants could possess discovery in jail cell. If while in the county jail applicant wanted to see his discovery he was to request permission to go to the jail law library and view it there. This occurred in October 2000 until February 2001. Applicant goes back this far to prove that he has never been in possession of his discovery and transcripts. In October 2005, applicant was unexpectedly moved from Colorado state prison to Wisconsin secure prison facility. Wisconsin's version of super max. Upon departure from Colorado applicant was unable to bring with him the few motions and briefs from his appeals that he was in possession of. To make matters worse for applicant once he arrived to the super max Wisconsin he was not afforded any Colorado revised statute books or case law. As evidenced in attached exhibit A applicant wanted to file a writ of certiorari with the U.S. Supreme Court and even asked for an extension of time to do so. In his motion for extension of time applicant states his lack of Colorado case law and not being in possession of discovery and trial transcripts. Applicant was diligent in trying to obtain his discovery and trial transcripts as evidenced in exhibits A, B, and C. Applicant contacted the Adams County court house (clerk's office), the Adams County Sheriff's department, all 3 of his appellate attorney's, and even Colorado's alternate defense counsel trying to obtain his discovery, trial transcripts and files pertaining to his case. Applicant was told by attorney Brad Junge that he would provide the discovery and transcripts to applicant via U.S. post office mail system. Applicant even went as far as to get it approved by his social worker as the discovery and transcripts would be sent in 2 medium sized boxes. Mr. Junge never sent the discovery or transcripts to applicant. And went as far as to write him a letter (exhibit B), explaining that applicants mother left him a few messages but never left her address because the paper work was supposed to be sent to applicant not applicants m other. . . . Due to the fact that applicant did not have his discovery or trial transcripts or even

> Colorado case law he faced extra ordinary circumstances and serious hardship which was out of his control. When applicant's post conviction motion was denied on December 9, 2013, he had just 82 days left to perfect his 2254 application. Although applicant was now afforded Lexis Nexis and limited Colorado revised statutes he was still without his discovery and trial transcripts. And since the AEDPA one year time limitation is not a recognized court imposed deadline at Waupun Correctional Institution (prisoners must have an actual minute order as proof of any such deadline), applicant was unable to attend WCI prison law library on a court imposed deadline pass. Due to these extra ordinary circumstances applicant believes that equitable tolling exists in this case.

(*See* ECF 48 at 5-7, citing ECF No. 40 at 2-4).

The Court then summarized Mr. Melina's two arguments for equitable toling as follows: (1) that he is actually innocent; and (2) that there were extraordinary circumstances that prevented him from timely filing, such as being transferred to Wisconsin without his legal materials, having no or limited access to Colorado law, having limited law library time, and having no access to his trial transcripts and discovery. (*See* ECF No. 48 at 7). The Court further found that Mr. Melina attempted but failed to allege with the required specificity how the circumstances were "extraordinary" and hindered his ability to timely file his application. (*Id.*). Therefore, the Court ordered Mr. Melina to show cause, with the required specificity regarding facts and dates, as to why the one-year limitation period should be equitably tolled. (*Id.*). After granting Mr. Melina multiple extensions of time to respond to the Second Order to Show Cause, Mr. Melina filed his Response (ECF No. 60) on October 21, 2015. Respondents were given the opportunity to file a reply, but did not do so.

The Court must construe the pleadings filed by Mr. Melina liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not

be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Application should be DENIED as untimely and the case DISMISSED.

## I.  BACKGROUND

The facts of Mr. Melina's state criminal case were summarized by the Colorado Court of Appeals (CCA) as follows:

> The evidence at trial showed that two men, Leandro Lopez and Robert Padilla, murdered a key witness in a felony drug prosecution against defendant's brother.  In the weeks before the murder, defendant made 34 phone calls to Padilla.  After the murder, defendant paid Padilla approximately $3,000.  Defendant was indicted for first degree murder, conspiracy to commit first degree murder, and criminal solicitation.  After a jury trial, defendant was convicted of criminal solicitation.

(ECF No. 24-11 at 2, *People v. Melina,* No. 03CA0391 (Colo. App. Mar. 31, 2005)).

Mr. Melina was adjudicated a habitual criminal and sentenced to ninety-six years imprisonment.  (*Id.*).  The judgment of conviction and the sentence were affirmed on direct appeal.  (*Id.*).  After granting Mr. Melina's petition for writ of certiorari on direct appeal, the Colorado Supreme Court affirmed the judgment on June 25, 2007 in a published opinion.  (*See* ECF No. 24-1 at 11); *see also Melina v. People,* 161 P.3d 635 (Colo. 2007).

Approximately thirteen months later, Mr. Melina filed a petition for postconviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure on July 24, 2008.  (ECF 24-1 at 11).  After appointment of postconviction counsel, a supplement to the motion was filed on July 16, 2010.  (*Id.* at 10).  On April 8, 2011, the trial court denied the Rule 35(c) motion, and the Colorado Court of Appeals affirmed the denial.  (*Id.;* ECF No. 24-7, *People v. Melina*, No. 11CA1015 (Colo. App. Apr. 18, 2013)).  On December 9, 2013, the Colorado Supreme Court denied Mr. Melina's petition for writ of

certiorari in his postconviction proceedings. (ECF No. 24-9).

The instant action commenced on February 27, 2014 when Mr. Melina filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this Court. In the Amended Application submitted on April 7, 2014, Mr. Melina asserts the following six claims for relief:

1. Trial counsel's failure to request a unanimity instruction constitutes ineffective assistance of counsel.

2. Trial counsel's failure to introduce exculpatory evidence from Robert Padilla and Harvey Steinberg constitutes ineffective assistance of counsel.

3. Trial counsel's failure to raise issues of duplicitous solicitation count prior to trial constitutes ineffective assistance of counsel.

4. Trial counsel's failure to request appropriate mistrial due to outside influences on the jury constitutes ineffective assistance of counsel.

5. Brady violation by prosecution and investigative agencies.

6. Appellate counsel was ineffective for failing to raise or preserve Batson issue on direct appeal.

(ECF No. 6 at 6-13).

## II. ONE-YEAR LIMITATION PERIOD

As set forth above, in the January 29, 2015 Order to Show Cause, the Court determined, *sua sponte*, that the Application appeared to be barred by the one-year limitation period in 28 U.S.C. § 2244(d). (*See* ECF No. 36 at 3-5). Specifically, the Court found that Mr. Melina's judgment of conviction became final on September 24, 2007, which was the last day Mr. Melina could have petitioned for certiorari in the United States Supreme Court after the Colorado Supreme Court issued its June 25, 2007 opinion affirming Mr. Melina's conviction on direct appeal. (*See id.* at 4). From that

point, **303 days** ran against the limitation period before it was tolled upon the filing of Mr. Melina's postconviction motion on July 24, 2008. (*See id.,* citing ECF No. 24-1 at 11 and ECF No. 24-15 at 1). The limitation period remained tolled until the Colorado Supreme Court denied Mr. Melina's petition for writ of certiorari on December 9, 2013. (*See* ECF No. 24-9). Then, an additional **80 days** ran against the limitation period prior to Mr. Melina's filing of his habeas corpus application in this Court on February 27, 2014. Thus, a total of **383** days ran against the limitation period, rendering the application untimely by approximately eighteen days. Moreover, even assuming that Mr. Melina was entitled to the benefit of the prison mailbox rule, *Houston v. Lack,* 487 U.S. 266, 276 (1998), the Application still would be untimely by approximately nine days as a total of **374** days ran against the limitation period. (*See* ECF No. 36 at 5, citing ECF No. 24-15 at 22 and ECF No. 1 at 18). After considering Mr. Melina's arguments as to why the Application should not be dismissed as time-barred under 28 U.S.C. § 2244(d), the Court instructed Mr. Melina to show cause, with the required specificity regarding facts and dates, as to why the one-year limitation period should be equitably tolled. (*See* ECF No. 48).

In his Response (ECF No. 60) to the Second Order to Show Cause, Mr. Melina asserts two arguments. First, he contends that the Court incorrectly calculated the limitation period because the Court "failed to consider that a 14 day period tolls the 2254 limitation period, and that the 14 day period derives from Colorado Appellate Rule 40(a), which allows the filing of a petition for rehearing within 14 days of a decision by the Colorado Supreme Court." (*Id.* at 1-5). Mr. Melina further alleges that "[i]n counting the 14 day Statutory Tolling period afforded by C.A.R. 40(A), Applicant timely filed his

Habeas Corpus petition on the 361st day." (*Id.* at 5). Second, Mr. Melina argues that his habeas corpus application is subject to equitable tolling because (a) he is actually innocent; and (b) his lack of access to trial transcripts and legal research materials was an extraordinary circumstance that prevented him from timely filing. (*Id.* at 6-13).

### A. Statutory Tolling

The Court first addresses Mr. Melina's statutory tolling argument. Mr. Melina suggests that following the Colorado Supreme Court's June 25, 2007 opinion affirming his conviction on direct appeal, Colorado Rules of Appellate Procedure afforded him an additional fourteen days in which to file a petition for rehearing prior to commencement of the ninety period he had to file a petition for certiorari review in the United States Supreme Court. In other words, Mr. Melina argues that his conviction did not become final on September 24, 2007, which is ninety days after the date the Colorado Supreme Court issued its order ending his direct appeal, but rather became final 104 days after the Colorado Supreme Court's decision.

Under Colorado Rule of Appellate Procedure 40(a), "[a] petition for rehearing may be filed within fourteen days after entry of judgment . . ." Colo. R. App. 40(a). Although, Mr. Melina could have filed a petition for rehearing pursuant to Rule 40(a) following the June 25, 2007 order, he never actually filed a petition for rehearing. Thus, the Court properly calculated that Mr. Melina's conviction became final and the one-year period in which he had to file his federal habeas application began to run on September 24, 2007, when the ninety day period he had to file a petition for writ of certiorari in the United States Supreme Court regarding his direct appeal expired. *See* 28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman,* 120 S. Ct. 681, 686 (2009) ("[I]t was not until . . .

time for seeking certiorari review in this Court expired, that petitioner's conviction became 'final' . . . under § 2244(d)(1)(A)."); *Locke v. Saffle,* 237 F.3d 1269, 1272 (10th Cir. 2001). In other words, the fourteen days to file a petition for rehearing before the Colorado Supreme Court were subsumed during the ninety day period that tolled the running of the one-year limitation period. *See e.g., Mills v. McKune,* 186 Fed. App'x 828, 830-31 (10th Cir. 2006) (denying additional statutory tolling for the twenty-day period to file a petition for rehearing, which was subsumed by the ninety day statutory tolling period); *Golden v. Ford,* 535 Fed. App'x 755, 756 (10th Cir. 2013) (recognizing that applicant was not entitled to additional tolling because that period was already tolled). None of the cases Mr. Melina cites support his position that absent an actual filing of a petition for rehearing, he was entitled to tolling of the fourteen day period in addition to the ninety day tolling period. As such, Mr. Melina's judgment of conviction became final on September 24, 2007, which was the last day Mr. Melina could have petitioned for certiorari review in the United States Supreme Court. Moreover, the Court correctly determined *sua sponte* that the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

### B. Equitable Tolling

In his Response (ECF No. 60), Mr. Melina "re-asserts his equitable tolling claim with the necessary facts that demonstrate that his situation is extraordinary, and that he diligently pursued his filing of the Habeas Corpus." (*Id.* at 6). Specifically, Mr. Melina asserts that he "is actually innocent of the solicitation count" and that his "transfer to the Wisconsin Secure Facility (Super Max) The denial of access to trial and discovery materials created an extraordinary circumstance that is not encountered by the average

Colorado inmate." (*Id.*).

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010). An applicant seeking equitable tolling must clear a high hurdle and "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks and citation omitted); *accord Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) ("'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.'") (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)); *see also Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000) (equitable tolling is appropriate only in "rare and exceptional circumstances"). Moreover, the inmate must allege with specificity the steps he took to pursue his federal claims. *Yang*, 525 F.3d at 930. Finally, the inmate bears the burden of demonstrating that equitable tolling is appropriate. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998);

Mr. Melina first argues that he is "actually innocent of the solicitation count" and that "the exculpatory evidence which trial counsel failed to introduce at trial . . . will exonerate applicant in future proceedings." (ECF No. 60 at 6). Mr. Melina's conclusory assertions do not satisfy the actual innocence exception, which requires "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *House v. Bell,* 547 U.S. 518, 537 (2006); *see also Lopez v. Trani,* 628 F.3d 1228, 1230-31 (10th Cir. 2010) (recognizing that the applicant must present a colorable or sufficiently supported

claim of actual innocence). The Court finds that Mr. Melina fails to identify any new reliable evidence that establishes a colorable actual-innocence claim in favor of equitable tolling.

Next, Mr. Melina asserts that an "adversary's conduct or other uncontrollable circumstances" prevented him from timely filing because he "has never been in possession of any of his discovery or trial-transcripts." (ECF No. 60 at 6). He further sets forth his attempts to obtain copies of these materials, including contacting the Adams County clerk's office, the Adams County Sheriff's Department, his appellate attorneys, and the Colorado Alternate Defense Counsel between 2006 and 2012. (*Id.* at 7-9). Despite his efforts, Mr. Melina's allegations do not indicate anything more than normal difficulties in obtaining records and evidence, which fails to show extraordinary circumstances beyond his control entitling him to equitable tolling. *See Reed v. Timme,* 389 Fed. App'x 850, 853 (10th Cir. 2010) (holding that prisoner who complained that his attorney was not diligent in discovering or forwarding evidence to him failed to demonstrate that applicant's delay in petitioning for federal habeas relief was due to "extraordinary circumstances" sufficient to permit equitable tolling of one-year deadline). Likewise, numerous courts have held that an inmate's lack of court records does not justify equitable tolling. *See, e.g., Heinemann v. Murphy,* 401 Fed App'x 304, 311 (10th Cir. 2010) (listing other circuits that have considered and rejected arguments concerning the unavailability of transcripts as warranting equitable tolling); *United States v. McKenzie,* 803 F.3d 1164 (10th Cir. 2015) (noting that while "a transcript, and more information about possible grounds for a § 2255 motion could be helpful, they are by no means required to file a timely § 2255 motion); *United States v. Banuelos-Munoz,* 182

F.3d 933 (10th Cir. 1999) (disallowing equitable tolling of the limitations period based on obstacles faced by petitioner in attempting to obtain a transcript and concluding that any delay in receiving the transcripts did not constitute an extraordinary circumstance); *United States v. Pedraza,* 166 F.3d 349 (10th Cir. 1998) (holding that prisoner was not entitled to equitable tolling of the limitations period based on the unavailability of transcripts). Moreover, counsel's failure to forward discovery and trial materials to Mr. Melina is likewise insufficient. *See Fleming v. Evans,* 481 F.3d 1249, 1255 (10th Cir. 2007) ("Habeas counsel's negligence is not generally a basis for equitable tolling because '[t]here is not constitutional right to an attorney in state post-conviction proceedings. ' ").

The Court further finds that Mr. Melina does not allege sufficient facts that demonstrate how the alleged denial of court records and transcripts impeded his ability to timely file a federal habeas application. *See Weibley v. Kaiser,* 50 Fed. App'x 399, 403 (10th Cir. 2002) (rejecting claim that prison officials withheld legal materials because applicant failed to allege specific facts demonstrating how the alleged denial of these materials impeded his ability to file a federal habeas application); *see also Miller,* 141 F.3d at 978 (rejecting prisoner's claim of lack of access to legal materials because of lack of specificity in the allegations).

Finally, Mr. Melina argues that his transfer and incarceration in a Wisconsin prison is an extraordinary circumstance that supports a finding of equitable tolling. The Court disagrees and finds that his allegations concerning his incarceration in a Wisconsin prison do not justify equitable tolling. *See Miller,* 141 F.3d at 978 (alleged lack of access to relevant legal materials while housed in out of state prison is not

sufficient to justify equitable tolling); *Tanksley v. Falk,* No. 14-cv-03100-GPG, 2015 WL 514842, at *4 (D. Colo. Feb. 6, 2015) (rejecting any equitable tolling argument based on fact that applicant was incarcerated in Texas when the one-year limitation period commenced and expired).

Moreover, Mr. Melina's assertions that the policies of the Wisconsin prison further hindered his efforts to timely file also do not justify equitable tolling. *See Kenyon v. Wyoming Dept. Of Corrections,* 310 Fed. App'x 250, 254 (10th Cir. 2009) (rejecting equitable tolling based on prisoner's allegations that he was transferred out of state to a prison facility where he was unable to access legal materials); *Jones v. Taylor*, 484 Fed. Appx. 241, 242-43 (10th Cir. 2012) (holding that limited access to the law library, limited knowledge of the law, and limited access to relevant legal resources did not amount to extraordinary circumstances for equitable tolling). In fact, Mr. Melina admits that he was "afforded Lexis Nexis and limited Colorado revised statutes" approximately 82 days before the one-year limitations period expired. (ECF No. 40 at 3-4). Thus, any alleged lack of access to legal research materials cannot be the cause of the late filing in this case. *See Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) (("[E]ven assuming that such a short closing of a prison law library could be considered 'extraordinary,' Mr. Marsh has not shown how this lack of access caused his delay in filing."); *see also Coppage v. McKune,* 534 F.3d 1279, 1282 (10th Cir. 2008) (no extraordinary circumstances when prisoner had 50 days to file a habeas petition that required limited research because he could raise only issues previously submitted in state court); *Garcia v. Lind,* No. 14-cv-00715-RPM, 2014 WL 2519624, at *2 (D. Colo. June 4, 2014) (holding that applicant failed to demonstrate any causal connection between his lack of

access to records and transcripts and the lateness of his federal habeas application because he "himself attended the trial and witnessed firsthand his counsel's acts or omissions that now form the basis of his ineffective assistance of counsel claims" and he filed his state postconviction motion and the federal habeas application without having the record in his possession). Accordingly, Mr. Melina has failed to meet his burden of demonstrating that equitable tolling is appropriate in the instant action.

Based on the above findings, the Court will dismiss this action with prejudice as time-barred. *See Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir. 2006) (dismissal as time-barred operates as a dismissal with prejudice).

### III. Conclusion

Because the action is untimely, the Court will refrain from addressing whether the claims are exhausted.

The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 6) is denied and this action is dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has failed to show that jurists of reason would find it debatable that the district

court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  29th  day of   January  , 2016.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court